# IN THE UNITED STATES DISTRICT COURT FOR THE
# SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| **LISTON RICHARDSON, AIS # 167224,** | : | |
| Plaintiff, | : | |
| vs. | : | **CIVIL ACTION 09-0136-WS-C** |
| **TOMMY TATE,** *et al.*, | : | |
| Defendants. | : | |

## REPORT AND RECOMMENDATION

Plaintiff, an Alabama prison inmate proceeding *pro se* and *in forma pauperis*, filed a complaint under 42 U.S.C. § 1983. This action was referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4). After careful consideration, it is recommended that this action be dismissed without prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B) (ii) because plaintiff's claims fail to state a claim upon which relief may be granted.

**I. Amended Complaint (Doc. 4).**

The complaint before the Court is a superseding, amended complaint that plaintiff was ordered to file because the original complaint was filed on an outdated complaint form. (Doc. 3). In the amended complaint he names as defendants Tommy Tate, Sheriff of Monroe County,

Alabama, and Michael Haley, whom he identifies as the Sheriff Mobile County, Alabama.[1] The gist of plaintiff's claim is that he was "illegally" held at the Mobile County Metro Jail ("Metro Jai") from August 2006 until May 2007 on a "warrant hold" for failure to pay restitution even though he had already finished serving his fifteen-year sentence, which he contends is in violation his Fourth Amendment rights and his equal protection rights under the Fourteenth Amendment. (*Id.* at 4-5).

The following is the remainder of the allegations from plaintiff's extremely brief complaint. Plaintiff maintains that defendants "acted in concert" to illegally detain him. (*Id.* at 4). Plaintiff claims "on August, 2006, plaintiff claims Monroe County Commission defendant Tommy Ta[]te issued a null and void warrant hold against [him] with defendants Michael Ha[]ley and Mobile County Commission to illegal[ly] detain [him] from August 2006 until May 2007 . . . . which is after he EOS 15 year sentence." (*Id.* at 5). In bringing this action, plaintiff seeks "$1500.00 for every illegal day held and five point three million dollars for punitive pain and suffering and loss of his constitutional rights on the arbitrary gross negligence basis." (*Id.*)

Absent from plaintiff's amended complaint is information about his convictions and sentences that underlie his claim for being illegally detained. The conviction and sentence from Monroe County are not identified, nor is the amount of time that he served on that sentence provided. Furthermore, it is not clear why he was incarcerated at the Metro Jail.

---

[1] Defendants listed in section III of the complaint are the defendants to the action. *See* Doc. 4 at 1, C (stating that "[t]he persons who are listed as defendants in section III of the complaint are deemed by the Court to be the only defendants to this action").

Furthermore, the spelling of defendants' names by plaintiff was Taite and Hailey. Based on the Court's records and a review of cases on Westlaw, the spelling of defendants' names is Tate and Haley, respectively. *Nguyen v. United States*, 556 F.3d 1244, 1259 n.7 (11th Cir. 2009) ("A court may take judicial notice of its own records[.]") (internal quotation marks and citation omitted). And defendant Haley was the warden of the Mobile County Metro Jail, not the sheriff. *See McCann v. Tillman*, 526 F.3d 1370, 1371 (11th Cir. 2008).

The only information about a conviction relates to a subsequent conviction, which plaintiff gave in response to the Court's queries. (*Id.* at 6). This information reflects that plaintiff was convicted of possession of cocaine on December 1, 2008, and received a sentence of imprisonment for three years. (*Id.*). Since filing this action, plaintiff has advised the Court that he has been released from prison. (Doc. 18).

**II. Standards of Review Under 28 U.S.C. § 1915(e)(2)(B).**

Because plaintiff is proceeding *in forma pauperis*, the Court is reviewing the amended complaint (Doc. 4) under 28 U.S.C. § 1915(e)(2)(B). Under § 1915(e)(2)(B)(i), a claim may be dismissed as "frivolous where it lacks an arguable basis in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989).[2] A claim is frivolous as a matter of law where, *inter alia*, the defendants are immune from suit, *id.* at 327, 109 S.Ct. at 1833, or the claim seeks to enforce a right that clearly does not exist. *Id.*

Moreover, a complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted. *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations must show plausibility. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557, 127 S.Ct. 1955, 1966, 167 L.Ed.2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 566 U.S. ___, ___, 129 S.Ct. 1937,1948, 173 L.Ed.2d 868 (2009). That is, "[f]actual allegations must be enough to raise a right to relief

---

[2]The frivolity and the failure-to-state-a-claim analysis contained in *Neitzke* was unaltered when Congress enacted 28 U.S.C. § 1915(b)(2)(B) in 1996. *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir.), *cert. denied*, 534 U.S. 1044 (2001). However, dismissal is now mandatory under § 1915(e)(2)(B). *Id.* at 1348-49.

above the speculative level" and must be a "plain statement' possess[ing] enough heft to sho[w] that the pleader is entitled to relief." *Twombly*, 550 U.S. at 555, 557, 127 S.Ct. at 1965, 1966 (quotation marks omitted) (third bracket in original). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, ___ U.S. at ___, 129 S.Ct. at 1949. However, when a successful affirmative defense, such as a statute of limitations, appears on the face of a complaint, dismissal for failure to state a claim is also warranted. *Jones v. Bock*, 549 U.S. 199, 215, 127 S.Ct. 910, 920-21, 166 L.Ed.2d 798 (2007).

When considering a *pro se* litigant's allegations, a court gives them a liberal construction holding them to a more lenient standard than those of an attorney. *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 593, 595-596, 30 L.Ed.2d 652 (1972). However, a court, does not have "license . . . to rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action." *GJR Investments v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by Iqbal*, 129 S.Ct. 1937. Furthermore, a *pro se* litigant "is subject to the relevant law and rules of court including the Federal Rules of Civil Procedure." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir.), *cert. denied*, 493 U.S. 863 (1989).

**III. Analysis.**

**A. Pleading Standard.**

In screening plaintiff's amended complaint, the Court finds that the state of plaintiff's allegations controls the disposition of this action. Rule 8(a) (2) of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief" in order for a claim for relief to be stated. FED.R.CIV.P. 8(a)(2). This short and plain statement must show that the plaintiff's claim is plausible. *Iqbal*, 129 S.Ct. at 1949. "Determining whether a complaint states a plausible claim for relief will . . .

4

be a context-specific task[.]" *Id*. "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but has not 'shown'-'that the pleader is entitled to relief.'" *Id*. at 1950 (alteration and citation omitted).

When reviewing a complaint, a court will view the complaint in a light most favorable to the plaintiff and take as true the factual allegations, but not the legal conclusions couched as factual allegations. *Id.* at 1949-50. However, a plaintiff's failure to "nudge [his] claim[] across the line from conceivable to plausible," *Twombly*, 550 U.S. at 570, 127 S.Ct. at 1974, will result in the complaint's dismissal. *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009) ("[a] complaint may be dismissed if the facts as pled do not state a claim for relief that is plausible on its face.").

Examples of a legal conclusion are when plaintiff uses the terms "illegally hold," "illegal detention," "acted in concert," and "null and void warrant." (Doc. 4 at 4-5). These are conclusions that a court will draw based on the facts that are presented to the court. In the present action, no facts are alleged by plaintiff in order for the Court to draw these conclusions.

**B. Conspiracy Claim.**

In regard to plaintiff's allegation that defendants Tate and Haley "acted in concert," this allegation is construed by the Court as a claim for a conspiracy. (*Id.* at 4-5). However, no other allegations are contained in the amended complaint that can be connected to a conspiracy claim. Thus, the only information in the amended complaint about a conspiracy is the assertion that they "acted in concert."

In order to state a conspiracy claim "a plaintiff must show among other things, that the defendants 'reached an understanding to violate his rights.'" *Rowe v. City of Fort Lauderdale*, 279 F.3d 1271, 1283 (11th Cir. 2002) (alteration and citation omitted). This necessitates that a

5

plaintiff provide more than a label or a conclusion. *Twombly,* 550 U.S. at 555, 127 S.Ct. at 1965. An agreement to violate a plaintiff's constitutional rights must be shown, *AFL-CIO v. City of Miami, Fla.*, 637 F.3d 1178, 1190-91 (11th Cir. 2011), with sufficient facts to suggest an agreement was made. *Twombly*, 550 U.S. at 556, 127 S.Ct. at 1965. "[A] conclusory allegation of agreement at some unidentified point does not supply facts adequately to show illegality. . . . [the allegations] must be placed in the context that raises the suggestion of a preceding agreement, not merely parallel conduct that could just as well be independent action." *Twombly*, 550 U.S. at 557, 127 S.Ct. at 1966. In addition to pleading facts that show an agreement was reached to deny a plaintiff's constitutional rights, an "underlying actual denial of his constitutional rights" must be shown. *Hadley v. Gutierrez,* 526 F.3d 1324, 1332 (11th Cir. 2008) (alteration omitted).

Inasmuch as no facts were alleged suggesting a conspiracy or an agreement, other than the legal conclusion they "acted in concert," plaintiff's allegations do not indicate that a conspiracy is plausible. Accordingly, plaintiff has failed to state a conspiracy claim upon which relief can be granted, and such claim is due to be dismissed. *See Fullman v. Graddick*, 739 F.2d 553, 556-56(11th Cir. 1984) (holding that a vague and conclusory conspiracy allegation fails to state a claim upon which relief can be granted).

**C. Fourth Amendment Claim.**

Turning to plaintiff's underlying substantive claims, he claims that his Fourth Amendment rights have been violated. The Fourth Amendment provides:

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

U.S. CONST. amend. IV.

Plaintiff's allegations are not sufficiently specific to indicate the precise nature of his claim based on the Fourth Amendment. As best the Court can discern, plaintiff is claiming that he was seized (although not specifically alleged) pursuant to a warrant, which he maintains is "null and void." (Doc. 4 at 5). However, no facts are presented to show how the warrant is "null and void." In the absence of such facts, the Court is not able to reach the legal conclusion that the warrant is "null and void." Accordingly, in the absence of specific facts to define and support this claim, the Court finds that plaintiff's Fourth Amendment claim is not plausible and therefore fails to state a claim upon which relief can be granted.

### D. Fourteenth Amendment Equal Protection Claim.

Plaintiff also alleges a violation of his equal protection rights under the Fourteenth Amendment. (*Id.*). The Equal Protection Clause provides: "No State shall make or enforce any law which shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. CONST. amend. XIV, § 1.

In order to state an equal protection claim under § 1983, a plaintiff must establish: "(1) 'he is similarly situated with other prisoners who received' more favorable treatment; and (2) his discriminatory treatment was based on some constitutionally protected interest such as race." *Jones v. Ray*, 279 F.3d 944, 946-47 (11th Cir. 2001) (quoting *Damiano v. Florida. Parole & Prob. Comm'n*, 785 F.2d 929, 932-33 (11th Cir. 1986)). In the present action, plaintiff has not provided information comparing himself to another inmate who is similarly situated, nor has he identified a constitutionally protected reason for which he received allegedly unequal treatment. For these reasons, plaintiff's equal protection claim is not plausible and fails to state a claim upon which relief can be granted.

### E. Fourteenth Amendment Due Process Claim.

In addition, plaintiff appears to raise a general claim of a violation of his rights under the Fourteenth Amendment. Although plaintiff has not directed the Court to a due process claim under the Fourteenth Amendment, a claim for its violation is available for over-detention. The Due Process Clause provides: "[N]or shall any State deprive any person of life, liberty, or property, without due process of law[.]" U.S. CONST. amend. XIV, § 1. Plaintiff's allegations, however, do not support a finding of such a violation.

In *West v. Tillman*, 496 F.3d 1321, 1327 (11th Cir. 2007), the order reducing the amount of the inmate's bond was not properly handled by personnel in the sheriff's office which caused the inmate to remain in jail from December 4, 2002, when the order was entered, until December 27, 2002. In the action filed by the inmate for being over detained, the Court found that the sheriff, jail warden, and other jail officials were entitled to qualified immunity. *Id.* at 1325-26. In reaching its decision, the Court reasoned that to establish a claim based on over-detention plaintiffs must demonstrate defendants had (1) subjective knowledge of a risk of serious harm; and (2) disregarded that risk; (3) by conduct that is more than mere negligence." *Id.* at 1327 (citation, alterations, and internal quotation marks omitted). This standard is one for deliberate indifference which is unlike human error. *Id*. The defendants were not found to be deliberately indifferent, with the Court noting that the non-supervisory personnel were merely negligent, *id.* at 1333, and that the deliberate indifference standard is a difficult burden to meet. *Id.* at 1327.

In the later decision *Campbell v. Johnson*, 586 F.3d 835 (11th Cir. 2009), in which an inmate was not released when his bond was made, the Eleventh Circuit held that "[a] §1983 claim of false imprisonment requires a showing of common law false imprisonment and a due process violation under the Fourteenth Amendment." *Id.* at 840. The common law false

imprisonment cause of action mandates a showing of "an intent to confine, an act resulting in confinement, and the victim's awareness of confinement." *Id.* (citation omitted). And a claim for a violation of the Fourteenth Amendment's Due Process Clause requires that the deliberate indifference elements of *West* be satisfied. *Id.*

The amended complaint's allegations do not satisfy the foregoing elements because no showing was made with detailed facts that either defendant had subjective knowledge of a risk of serious harm and then disregarded the risk with conduct that is greater than negligence. Nor is there a showing of an intent to confine and an act by each defendant to cause plaintiff's confinement. Accordingly, plaintiff has failed to demonstrate that he has a plausible claim under the Due Process Clause of the Fourteenth Amendment.

## IV. Conclusion.

Based upon the foregoing reasons, it is recommended that this action be dismissed without prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B) (ii) because plaintiff's claims fail to state a claim upon which relief may be granted.

At this time plaintiff has the opportunity to file an objection to this report and recommendation. In the event that plaintiff wants to file another amended complaint, he should include his request in the objection and should attach his amended complaint to the objection. When this action against defendants Tate and Haley is dismissed, plaintiff will be not be able file a viable action against defendants Tate and Haley based on his over detention from August 2006 until May 2007 because the two-year statute of limitations will have run on this claim against defendants Tate and Haley. S*ee Lufkin v. McCallum*, 956 F.2d 1104, 1106, 1108 (11th Cir.), *cert. denied*, 506 U.S. 917 (1992); ALA. CODE § 6-2-38(l).

The instructions that follow the undersigned's signature contain important information regarding objections to the report and recommendation of the Magistrate Judge.

**DONE** this 26th day of July, 2011.

                                                             _s/WILLIAM E. CASSADY_____
                                                             UNITED STATES MAGISTRATE JUDGE

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND FINDINGS CONCERNING NEED FOR TRANSCRIPT**

l.      **Objection**. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this court. Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982) (*en banc*). The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a 'Statement of Objection to Magistrate Judge's Recommendation' within ten days[3] after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.      **Transcript (applicable Where Proceedings Tape Recorded)**. Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are

---

[3] Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]" Fed.R.Civ.P. 72(b)(2).

10

adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

       <u>s/WILLIAM E. CASSADY</u>
        UNITED STATES MAGISTRATE JUDGE